# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons, )<br><br>Plaintiff, )<br><br>v. )<br><br>MEDICURE PHARMA INCORPORATED, a New Jersey corporation, )<br><br>Defendant. ) | Civil Action No.: 3:24-cv-00402<br><br>Honorable Judge Jack Zouhary |

## JOINT MOTION FOR VOLUNTARY DISMISSAL AND RETENTION OF JURISDICTION

Pursuant to Fed. R. Civ. Proc. 41(a)(2), Plaintiff, SANDUSKY WELLNESS CENTER, LLC, and Defendant, MEDICURE PHARMA INCORPORATED (collectively, "the Parties"), respectfully move this Court to enter an Order (1) dismissing Plaintiff's individual claims asserted in this action <u>with prejudice</u>, and dismissing the putative class claims <u>without prejudice</u>; and (2) retaining jurisdiction for the limited purpose of enforcing the terms of the Parties' Confidential Settlement Agreement ("Settlement Agreement").

In support of this Joint Motion, the Parties state as follows:

1. The Parties have reached a full, confidential, and final settlement agreement resolving all individual claims asserted by Plaintiff in this action.

2. Subject to certain conditions specified in the Settlement Agreement, the Settlement Agreement provides for a structured payment to Plaintiff, including a final installment payment due on a future date certain if said conditions have been satisfied.

3. As a material term of the settlement, the Parties have stipulated in the Settlement Agreement that this Court retain jurisdiction over the matter to enforce the Settlement Agreement, including its provisions relating to any alleged default on the future payment.

4. Because the Settlement Agreement requires the Court to impose a condition upon dismissal (*i.e.*, the Court's retention of jurisdiction), the Parties move for dismissal pursuant to Rule 41(a)(2). *See, e.g.*, *Hehl v. City of Avon Lake*, 90 F. App'x 797, 801 (6th Cir. 2004) (stating that a district court may retain jurisdiction to enforce a settlement agreement if the dismissal order has language indicating its retention of jurisdiction).

5. A true and correct copy of the Proposed Order granting this Motion, effectuating the dismissal, and retaining jurisdiction is attached hereto as **Exhibit 1**.

**WHEREFORE**, the Parties respectfully request the Court enter the Proposed Order attached as Exhibit 1, and accordingly (i) dismiss this action with prejudice as to Plaintiff's individual claims, (ii) dismiss this action without prejudice as to the putative class claims, and (iii) retain jurisdiction for the limited purpose of enforcing the terms of the Parties' Settlement Agreement. Each party is to bear its own costs.

Dated: January 14, 2026                    Respectfully submitted,

*/s/Glenn L. Hara*                         */s/ David M. Poell (with permission)*
Glenn L. Hara                              David M. Poell
Anderson + Wanca                           Sheppard Mullin Richter & Hampton LLP
3701 Algonquin Rd., Suite 500              321 N. Clark Street, 32nd Floor
Rolling Meadows, IL 60008                  Chicago, IL 60654
Telephone: 847-368-1500                    Telephone: 312-499-6300
ghara@andersonwana.com                     dpoell@sheppardmullin.com

*Attorneys for Plaintiff*                  David A. Riepenhoff
                                           Fisher Downey Albrecht & Riepenhoff
                                           7775 Walton Pkwy., Suite 200
                                           New Albany, OH 43054
                                           driepenhoff@fisheldowney.com

                                           *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2026, I electronically filed the foregoing Motion for Voluntary Dismissal and Retention of Jurisdiction with the Clerk of the Court using the CM/ECF system which will send notification of such filings to all counsel of record.

/s/Glenn L. Hara